UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **Robin Black**, <br><br> Plaintiff, <br><br> v. <br><br> **SunPath Ltd., Vehicle Activation Department d/b/a VAD, Northcoast Warranty Services, Inc., and Celtic Marketing, LLC d/b/a CM Auto CA,** <br><br> Defendants. | Case No. <br><br><br> Complaint and Demand for Jury Trial |

## COMPLAINT

Robin Black (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **SunPath Ltd., Vehicle Activation Department d/b/a VAD, Northcoast Warranty Services, Inc., and Celtic Marketing, LLC d/b/a CM Auto CA** (collectively "Defendants"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

1

3. This Court has personal jurisdiction over the Defendants as they conduct business in the State of Tennessee.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Brentwood, Tennessee.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant SunPath Ltd. ("SunPath") is a business entity with a mailing address at 50 Braintree Hill Office Park. Suite 310, Braintree, Massachusetts, 02184.

8. Defendant Vehicle Activation Department d/b/a VAD ("VAD") is a business entity with a mailing address at 2101 Business Center Drive, Suite 200, Irvine, California, 92612.

9. Defendant Northcoast Warranty Services, Inc. ("NWS") is a business entity with a mailing address at 800 Superior Avenue E., 21st Floor, Cleveland, Ohio 44114.

10. Defendant Celtic Marketing, LLC d/b/a CM Auto CA ("Celtic") is a business entity with a mailing address at 1515 E. Tropicana Avenue, Suite 510, Las Vegas, Nevada 89119.

11. Defendants are each a "person" as that term is defined by 47 U.S.C. § 153(39).

12. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

13. SunPath provides extended warranty services to consumers.

14. To generate business through sales, SunPath relies on telemarketing services conducted by third parties.

15. One of SunPath's strategies for telemarking involves the use of an automatic telephone dialing system ("ATDS") to solicit business by third parties.

16. SunPath also utilizes pre-recorded messages in its telemarketing to solicit business.

17. Beginning on or about October 14, 2019, VAD began calling Ms. Black on her cellular phone ending in 8324, attempting to sell Plaintiff a SunPath automobile warranty.

18. Plaintiff never sought information about a motor vehicle warranty and did not consent to the calls from VAD or any other Defendant.

19. These calls were not made for "emergency purposes," but rather for telemarketing purposes.

20. Plaintiff's cellular telephone number ending in 8324 has been on the Do Not Call Registry since November 17, 2004.

21. Despite registration on the Do Not Call Registry, VAD placed calls to Ms. Black on SunPath's behalf on numerous occasions.

22. On each occasion listed above, Ms. Black answered the call and heard a pre-recorded voice before anyone came on the line, indicating to Ms. Black that the call was made using an ATDS.

23. When Plaintiff spoke with a live individual, she was solicited for a SunPath warranty.

24. On October 18, 2019, in order to ascertain who was responsible for the calls, Ms. Black provided VAD with her credit card number to facilitate a down payment on a SunPath automobile warranty.

25. Immediately after providing the credit card number, Defendant Celtic charged Ms. Black's Chase credit card in the amount of $100.00. See Exhibit "A."

26. On October 22, 2019, Defendant VAD sent correspondence to Ms. Black from donotreply@sunpathfunding.com and provided her with a contract booklet containing information about the SunPath warranty she purchased. See Exhibit "B."

27. The contract booklet from VAD identified the "Seller/Dealer/Vendor" as VAD, the "Provider/Obligor" as NWS, and the "Administrator" as SunPath. See Id.

28. As Plaintiff only purchased the warranty to ascertain the identity of the entity calling her, Plaintiff cancelled the warranty.

29. However, despite cancelling the warranty, Defendant VAD continued to call her regarding a SunPath warranty.

30. Upon information and belief, Defendants SunPath, NWS, and Celtic authorized Defendant VAD to solicit and generate prospective customers, and enter into contracts on their behalf with those prospective customers.

31. The actions described herein were in violation of the TCPA.

## COUNT I
## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(B)

32. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendants initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

23. Defendants' calls were not made for "emergency purposes."

4

24. Defendants' calls to Plaintiff's cellular telephone without any prior express consent.

25. Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since November 17, 2004.

26. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

31. Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since November 17, 2004.

32. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Robin Black,** respectfully prays for judgment as follows:

    a.    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b.    Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.    Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    d.    Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    e.    Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

    f.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

    g.    Any other relief this Honorable Court deems appropriate.

6

Case 3:21-cv-00023   Document 1   Filed 01/13/21   Page 6 of 7 PageID #: 6

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Robin Black,** demands a jury trial in this case.

Respectfully submitted,

Dated: 01/13/2021

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: teamkimmel@creditlaw.com